IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Q. Owens, #184674, ) | C. A. No. 2:08-2380-HFF-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Charleston City Police Dept; ) Cit of Charleston; Pvt NFN Inabinett, #1412; Cpl. NFN Emanuel, #1036, Pvt NFN Shealy, ) | |
| Defendants. ) | |

This civil rights action brought by a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983[1], is before the undersigned United States Magistrate Judge for pre-trial management and a report and recommendation on defendants' motions for summary judgement. 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

The plaintiff, Curtis Q. Owens, brought his complaint on July 1, 2008, and sued the Charleston City Police Department, the City of Charleston, Pvt. NFN Inabinett #1412, Cpl. NFN Emanuel #1036, and Pvt. Shealy NFN, for unlawful arrest and imprisonment. Plaintiff named the defendants in their official and individual capacities and seeks damages.

On September 19, 2008, the defendants filed a motion of summary judgment along with various affidavits. On September 22, 2009, the plaintiff was provided a copy of the defendants' summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed an opposition to the motion on February 10, 2009. On February 23, 2009, the defendants filed a motion to stay the action pending disposition of the summary judgment motion. The motion was referred to the undersigned on June 17, 2009. Hence, it appears consideration of the motions is appropriate.

A review of the record and relevant case law reveals the defendants' motions should be denied.

**SUMMARY JUDGMENT STANDARD**

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery

... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed.R.Civ.P. 56(c). To avoid summary judgment on a defendant's motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, at 255, 106 S.Ct. at 2513-14.

## DISCUSSION

Plaintiff was indicted for assault and battery with intent to kill, but the charge was nolle prossed on June 23, 2008. Plaintiff indicated in his sworn complaint that with this action he was attempting to litigate "unlawful detention & arrest,

3

conspiracy against civil rights, 1st, 5th, 6th, 7th, 8th, 14th."
Complaint pg. 2.

Plaintiff's verified complaint reads as follows:

> On 11/1/06 - - 1:30 am I started out to the store to get some cigaretts (sic), snacks from the store. While exiting off Meeting Street Apartments Ford approached me stating "what you need, I got it." I told him I don't smoke crack, stop approaching me everytime (sic) you see me, stay the hell out my face. We exchanged words as I walked, he ran up on me saying, "I'll beat your _ _ _" as he ran up reaching in his pocket. I kicked him twice in his wrist while he reached.
> Ford is known for at Crisis Ministries Homeless Shelter for carrying a knife. As we scuffled & fell over a trash can Ford grabed (sic) a beer bottle & broke it and began to cut me across my face, arms, and neck. As I struggled to control his right hand with my left hand I retrieved my key ring fingernail file in my right pocket as all my money fell out.
> Ford cut me 21 times as a witness attempted to pull me from under Ford who was on top of me as he continued to cut repeatedly. Ofc. & ambulance personell (sic) arrived when witness finally pulled me away.
> Ofc Inabinett nor his supervisor Cpl. Emanuel, Pvt. Shealy never screen or took no statement from me at the crime scene or hospital as to what occured (sic) nor was any pitchers [sic] taken of the multiple cuts sustained in the attack.
> Due to poor police work & my trial being held at the crime scene procedural due process of my rights was denied, with this I was unlawfully arrested & held in detention causing my parole to be revoked by false arrest and poor police work, plus I was awaiting approval of my transfer of parole out of state to go and take care of my terminally ill mother who was put in a Old Folks Home and died 4-20-08 in the midst of strangers with a broken heart, due to abuse of Ofc's discretion, poor police work and willful disregard, etc., I was not able to care for my mother!

> No lawyer wanted my case due to the circumstances and what me and the first Public Defender Jason King discussed civil procedures & rights violated, how I was not allowed to present at my preliminary hearing in which to refute the vagueness of my charge. 2nd lawyer Andrew Grimes also did not want to try my case due to poor police work which he mentioned. I ask that due to my loses of liberty & Freedom, conspiracy in & to violate my civil rights which has caused mental stress & anxiety of re-incarceration and the unlawful detention & arrest keeping me from caring for my terminally ill mother who passed away 4-20-08 disallowing me to attend to her burial & affairs.

The defendants moved for summary judgment on the following grounds which will be reviewed seriatim.

1. "Plaintiff failed to exhaust his available administrative remedies before filing this action and is thus barred by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a)."

The complaint and the defendants' motion are like ships passing in the night. This is not a "prison conditions" case to which the exhaustion of administrative remedies requirement of the PLRA applies; it is inapplicable in a § 1983 case seeking damages from the police for unlawful arrest and false imprisonment in violation of his constitutional rights. ("No action shall be brought with respect to prison conditions under Section 1983 of this title, ... ." 42 U.S.C. § 1997(e)).

2. "Plaintiff's claim fails to constitute or support a constitutional violation."

5

Again, the defendants wrongly state that this case is about the conditions of confinement and argue that Plaintiff's injuries were de minimis and thus not actionable pursuant to Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997). Summary judgment should be denied on this ground.

3. "No respondeat superior liability exists under 42 U.S.C. § 1983."

Defendants argued that, Defendants Pvt. NFN Inabinett #1412, Cpl. NFN Emanuel #1036, and Pvt. Shealy NFN, did not have any personal contact with the plaintiff nor did they have knowledge of the alleged deprivations and improper conditions plaintiff alleges. Again, this is not about improper conditions, and Plaintiff's sworn complaint which must be taken as true for summary judgment purposes does indicate personal involvement on the part of these defendants. Summary judgment should be denied on this ground as well.

4. "Defendants PVT. NFN Inabinett #1412, Cpl. NFN Emanuel #1036, and Pvt. Shealy NFN, in their individual capacity are entitled to qualified immunity."

The defendants argued, "it certainly is not clearly established that an individual supervisor who is insulated from direct contact with a plaintiff through several layers of administrative organization can be held liable for the fact that an inmate does not agree with the procedure and conditions of his

incarceration." This again misapprehends the complaint and does not entitle the defendants to summary judgment.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that Defendants' motion for summary judgement (Docket entry 19) be denied, and Defendants' motion to stay discovery (Docket entry 37) be denied as moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

August 14, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).